T.C. Memo. 2004-203

UNITED STATES TAX COURT

GEORGE N. GERAKIOS, a.k.a. JORGE N. GERAKIOS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11125-02L.                    Filed September 7, 2004.

George N. Gerakios, pro se.

<u>John D. Faucher</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on
respondent's motion to dismiss on the ground of mootness (the
motion).  The issue for decision is whether petitioner's case is
moot.[1]

---

[1]  It is unclear whether at some point petitioner was
raising a refund claim in this proceeding.  At the hearing,
(continued...)

Background

On or about April 12, 2001, respondent issued a "Final Notice of Intent to Levy and Notice of Your Right to a Hearing" to petitioner for his tax liabilities for 1989, 1993, 1994, and 1996. On or about May 2, 2001,[2] respondent issued a "Notice of Federal Tax Lien and Notice of Your Right to a Hearing" to petitioner for his tax liabilities for 1989, 1993, 1994, and 1996.

Pursuant to the aforementioned notices, petitioner requested a section 6330[3] hearing. On June 4, 2002, respondent issued a notice of determination concerning collection action(s) under section 6320 and/or 6330 sustaining the proposed collection action. On July 3, 2002, petitioner filed a petition for lien or levy action under Code section 6320(c) or 6330(d).

On or about August 7, 2002, in order to refinance his home, petitioner paid in full his then-outstanding income taxes,

---

[1](...continued)
however, petitioner eventually made it clear that the only remedy he was seeking from the Court was for the IRS to reverse the levy action and remove the lien that was filed--he was not requesting a refund in this proceeding. Additionally, petitioner did not dispute his underlying liabilities.

[2] In the attachment to the notice of determination it states that this notice was issued on Apr. 6, 2001. The date of this notice is not in issue as respondent concedes that petitioner timely filed his request for a sec. 6330 hearing.

[3] Unless otherwise indicated, all section references are to the Internal Revenue Code.

penalties, and interest with respect to 1989, 1993, 1994, and 1996. On or about August 30, 2002, respondent released the lien against petitioner for 1989, 1993, 1994, and 1996. Respondent no longer intends to pursue any levy action against petitioner for any income taxes, penalties, or interest for 1989, 1993, 1994, and/or 1996 as they have been paid in full.

On November 4, 2003, respondent filed the motion. On November 5, 2003, the Court ordered petitioner to file any objection to the motion on or before November 19, 2003. On November 18, 2003, petitioner filed an objection to the motion. The Court heard argument on the motion.

Discussion

Our jurisdiction under section 6330 is generally limited to reviewing whether the proposed lien or levy action is proper. Chocallo v. Commissioner, T.C. Memo. 2004-152. Respondent released the lien and has stated that he is no longer pursuing the proposed levy. As the parties now agree that there is no unpaid liability for 1989, 1993, 1994, or 1996 upon which a lien or levy could be based, we agree with respondent that the case is moot. Id.

We note that petitioner claimed respondent's employees mistreated him, respondent's employees violated his civil rights, and that his credit rating was adversely affected by the filing of the lien. Petitioner did not cite or rely on any specific

statute as a basis for these claims, and we generally have no jurisdiction over such matters.  Id.  If petitioner meant to make a section 7433 claim, which provides for up to $1 million in civil damages for certain unauthorized collection actions, we note that such claims must be brought in a District Court of the United States.  Sec. 7433(a); Chocallo v. Commissioner, supra.

Petitioner has received all the relief to which he is entitled under sections 6320 and 6330.  Accordingly, we shall grant the motion and shall dismiss this case as moot.

To reflect the foregoing,

An appropriate order of dismissal will be entered granting respondent's motion to dismiss on the ground of mootness.